UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUALITY HOLDINGS OF FLORIDA, INC.,

    Plaintiff,

v.                                                  Case No.  8:12-cv-1032-T-24 AEP

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON, SUBSCRIBING TO POLICY
NUMBER 097590187482L00,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss or Quash for Insufficient Process and Service of Process.  (Doc. No. 3, 4).  As explained below, the motion is granted.

**I.  Background**

Plaintiff filed this lawsuit against "Certain Underwriters at Lloyds of London, Subscribing to Policy Number 097590187482L00."  In its complaint, Plaintiff asserts a breach of insurance contract claim and a claim for declaratory relief regarding property damage allegedly covered under the parties' insurance contract.

The insurance policy at issue states: "This Insurance is effected with ceratin Underwriters at Lloyd's, London," and it later specifies such underwriters as "Syndicate 4242."  (Doc. No. 2-1, Ex. A, p. 3, 10).  Plaintiff purported to serve "Certain Underwriters at Lloyds of London, Subscribing to Policy Number 097590187482L00" by serving the summons, which was addressed to "Certain Underwriters at Lloyds of London c/o Mendes & Mount, LLP As RA," and complaint on the purported Registered Agent, Mendes & Mount.  (Doc. No. 8, Ex. C & E).

In response, Defendant, who contends that it is incorrectly named in the complaint, filed the instant motion to dismiss or quash.

## II.  Motion to Dismiss or Quash

In its motion to dismiss or quash, Defendant makes two arguments: (1) that process should be quashed because Plaintiff failed to properly name Defendant in the summons;[1] and (2) that dismissal is appropriate or service should be quashed, because Plaintiff failed to properly serve Defendant, pursuant to Florida Statute § 624.422.[2]  In response to the motion, Plaintiff filed an affidavit of its attorney's office manager.  Because the affidavit was not an appropriate response to the motion, the Court directed Plaintiff "to file a response, with citation to legal authority, to Defendant's Motion to Dismiss or Quash [Doc. No. 3] by noon on 6/11/12, or the Court w[ould] consider the motion to be unopposed."  In response, Plaintiff filed another affidavit of its attorney's office manager.  Due to Plaintiff's unexplained failure to comply with this Court's order, the Court considers the motion to be unopposed, and the Court grants the motion to quash service.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss or Quash for Insufficient Process and Service of Process (Doc. No. 3) is **GRANTED TO THE EXTENT** that the Court quashes service.  Plaintiff has until July 3, 2012 to properly serve

---

[1] Defendant contends that the proper party is "Underwriters at Lloyd's of London, Syndicate 4242."

[2] Section 624.422 provides: "Service of process upon the Chief Financial Officer as the insurer's attorney . . . shall be the sole method of service of process upon an . . . insurer in this state."

Defendant and to file proof of service.  Failure to do so will result in dismissal of this case without prejudice without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of June, 2012,

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record